# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARRIE BARBER, On Behalf of HERSELF and All Others Similarly Situated, | ) ) ) |
| | ) COLLECTIVE ACTION |
| Plaintiff, | ) |
| v. | ) CASE NO. 19-cv-06620 |
| | ) |
| HELP AT HOME, LLC and STATEWIDE HEALTHCARE SERVICES, LLC, | ) JURY DEMAND ) ) |
| | ) |
| Defendants. | ) |

## COLLECTIVE ACTION COMPLAINT

1.     Plaintiff Carrie Barber brings this action against Defendants Help at Home, LLC, and Statewide Healthcare Services, LLC ("Defendants") on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover overtime wages which Defendants failed to pay in violation of the FLSA. Her written consent is attached hereto as Exhibit A.

## I. JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

3.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## II. PARTIES

4.     Plaintiff Carrie Barber is a resident of Pulaski County, Kentucky.

1

5. Plaintiff has been employed by Defendants as an employment specialist since on or around June 1, 2019.

6. Defendant Help at Home, LLC is an Illinois limited liability company with its principal office at 1 North State Street, Suite 800, Chicago, Illinois 60602. Defendant Help at Home, LLC was formerly known as Help at Home, Inc.

7. Defendant Help at Home, LLC is Plaintiff's employer within the meaning of the FLSA.

8. Defendant Statewide Healthcare Services, LLC is a Mississippi limited liability company with its principal office at 1 North State Street, Suite 800, Chicago, Illinois 60602. Defendant Statewide Healthcare Services, LLC was formerly known as Statewide Healthcare Services, Inc. and does business as Oxford HealthCare.

9. Defendant Statewide Healthcare Services, LLC is Plaintiff's employer within the meaning of the FLSA.

10. Defendants are both wholly owned subsidiaries of the same company HAH Group Holding Company, LLC which is a Delaware limited liability company with its principal office at 1 North State Street, Suite 800, Chicago, Illinois 60602.

11. Defendants are a single enterprise that provides home healthcare services and other assistance to disabled and homebound individuals both at home and in the community.

12. Defendants offer these services in 13 states: Alabama, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Mississippi, Missouri, Pennsylvania, South Carolina, and Tennessee.

13. Defendants are operated by common management (including, for example, Ronald Ford and Joel Davis).

14. Defendants share the same principal office.

15. Defendants have shared employment policies that explicitly reference both Help at Home and Oxford HealthCare.

16. Defendants issue pay statements to employees that identify both Help at Home and Oxford HealthCare.

17. Defendants operate a common website for the purpose of pursuing their common business enterprise.

18. Defendants' common website identifies the same locations.

19. Defendants' common website provides a description of the history, staff, and mission statement of both Help at Home, LLC and Oxford HealthCare. This description is identical and references both Help at Home, LLC and Oxford HealthCare.

20. Defendants allow prospective employees to complete a shared employment application on their common website.

21. Defendants' gross annual sales made, or business done has been $500,000 or greater per year at all relevant times.

22. Defendants, individually and through their common enterprise, employ individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

23. Plaintiff was subject to Defendants' shared employment policies and practices implemented through their common management.

24. Thus, Defendants have at all relevant times been employers within the meaning of the FLSA.

### III. FACTS

25. Plaintiff is employed by Defendants as an employment specialist to provide services to Defendants' clients.

26. Defendant pays Plaintiff an hourly rate for all work time providing services to

3

Defendants' clients which Defendants consider billable.

27. Billable work includes only the time spent with clients to provide assistance related directly to the client's employment, including, for example, applying/interviewing for jobs, accompanying during shifts, attending work-related functions, etc.

28. However, Defendants do not pay Plaintiff for all the time Plaintiff spends on tasks which Defendants consider non-billable throughout each shift.

29. Non-billable time includes, for example, traveling between clients, transporting the client to or from certain locations where billable services are performed, completing paperwork related to services performed, working in the office, coordinating with clients and their employers, etc.

30. Plaintiff typically works more than 40 hours in a workweek.

31. As a result, Defendants has failed to pay Plaintiff for all time worked, including work hours in excess of 40 in a work week

32. Defendants' failure to pay Plaintiff overtime pay at one and one-half times her regular rate of pay for hours worked in excess of 40 in a workweek violates the FLSA.

33. Defendant knew or should have known Plaintiff performed work for which they did not pay her because her job required large amounts of non-billable work which they instructed her not to record.

34. Thus, Defendants knew and/or acted with reckless disregard of the fact that their failure to pay Plaintiff for all time worked violates the FLSA.

## IV. COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff asserts her FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of similarly situated employees:

> All employment specialists and similar employees who provided supported employment and/or vocational rehabilitation services employed by Defendants at any time since October 4, 2016.

36. Plaintiff and the class defined above are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, among other things, they were all subject to a common policy and practice that resulted in uncompensated overtime work. Namely, Defendants have a common policy and practice of requiring them to perform work tasks they consider non-billable without paying them for the time spent performing this work.

### V. CAUSE OF ACTION – FAILURE TO PAY OVERTIME

37. All previous paragraphs are incorporated as though fully set forth herein.

38. Plaintiff asserts this claim on behalf of the class defined above.

39. Plaintiff and the members of the class defined above are employees entitled to the FLSA's protections.

40. Defendants are employers covered by the FLSA.

41. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay.

42. Defendants have violated the FLSA by failing to compensate Plaintiff and the class defined above for all hours above 40 worked in a workweek at one and one-half times their regular rate of pay.

43. By failing to keep accurate records and intentionally failing to pay for work they instructed Plaintiff and the class to perform, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C. A finding that Defendants have violated the FLSA;

D. A finding that Defendants' FLSA violations are willful;

E. A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

I. Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: October 4, 2019

Respectfully submitted,

/s/Douglas M. Werman

**DOUGLAS M. WERMAN**
**MAUREEN A. SALAS**
WERMAN SALAS P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

**DAVID W. GARRISON (TN Bar No. 24968)\***
**JOSHUA A. FRANK (TN Bar No. 33294)\***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**J. CHRIS SANDERS**
CHRIS SANDERS LAW PLLC
517 West Ormsby Avenue
Louisville, KY 40203
Telephone: (502) 814-0094
csanders@chrissanderslaw.com

*\* Pro Hac Vice Motion anticipated*

*Attorneys for Plaintiff*